

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-81,358-01

### Ex parte KENDRICK MABLE

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## FROM 388TH DISTRICT COURT OF HARRIS COUNTY

*Womack, J., delivered the opinion of the Court, in which Keller, P.J., and Meyers, Price, Johnson, Hervey, Cochran, and Alcala JJ. joined. Keasler, J. concurred.*

The applicant pleaded guilty to possession of a controlled substance and was sentenced to two years' imprisonment pursuant to a plea bargain. He did not appeal his conviction. Shortly thereafter, the Houston Forensic Science Center finished testing the seized substances and discovered that they did not actually contain any illicit materials. In response to this revelation, he filed an application for a writ of habeas corpus. The State and the trial court both agree that he is entitled to relief on the basis of "actual innocence." While we grant relief, we do so on the basis of an unknowing and thus involuntary plea.

At least in Texas cases, the term "actual innocence" applies only in circumstances where the accused did not actually commit the charged offense *or* any possible lesser included offenses.[1] In this case, the applicant pleaded guilty to possession of a controlled substance. Therefore, it is possible that he intended to possess a controlled substance (which is not alone an offense) or that he attempted to possess a controlled substance (which is a lesser included offenses of possession).

However, we still believe that the applicant is entitled to relief. It is well established that a guilty plea must be entered knowingly and voluntarily.[2] "Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."[3] This means that the defendant must have "sufficient awareness of the relevant circumstances."[4] The standard is whether the plea is a voluntary and intelligent choice among the alternative courses of action open to the defendant.[5] In this case, all parties involved, including the applicant, incorrectly believed the applicant had been in possession of drugs. This fact is crucial to this case, and while operating under such a misunderstanding, the applicant cannot be said to have entered his plea knowingly and intelligently.

Accordingly, we hold that the applicant should be allowed to withdraw his plea. The

---

[1] *State v. Wilson,* 324 S.W.3d 595, 598 (Tex. Cr. App. 2010).

[2] *See* TEX. CODE CRIM. PROC. art. 26.13(b); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

[3] *McCarthy*, 394 U.S. at 466.

[4] *See Brady v. United States,* 397 U.S. 742, 748 (1970); *United States v. Ruiz*, 536 U.S. 622, 629 (2002).

[5] *Parke v. Raley,* 506 U.S. 20, 29 (1992).

judgment in Cause No. 1421276 in the 338th Judicial District Court of Harris County is set aside, and the applicant is remanded to the Harris County Sheriff to answer the charge against him. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Delivered September 17, 2014.

Publish.