

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-83,227-01

## EX PARTE GRANT WAYNE COLE, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 42638B IN THE 424TH DISTRICT COURT
## FROM BURNET COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession with intent to deliver a controlled substance, and was sentenced to fifteen years' imprisonment. He did not appeal his conviction.

Applicant contends that he is "actually innocent" of the penalty level to which he pleaded guilty. Applicant apparently pleaded guilty to possessing with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams, a first degree felony. According to

Applicant, after he had pleaded guilty in this case, the results of the lab testing revealed that the quantity of the substance possessed by Applicant was only 3.52 grams. Therefore, the quantity of the substance would only have supported a second degree felony charge, not the first degree felony to which Applicant pleaded guilty. Applicant alleges (and the State agrees) that he is actually innocent of the offense as a first degree felony. However, this Court has recently noted under similar circumstances that "the term 'actual innocence' applies only in circumstances where the accused did not actually commit the charged offense or any possible lesser included offenses." *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). In that case, this Court granted relief on the basis of an involuntary plea.

The trial court in this case finds that Applicant is entitled to relief as set forth in *Ex parte Brown*, 2014 Tex. Crim. App. Unpub. LEXIS 962 (Tex. Crim. App. 2014). In *Brown*, this Court granted relief on the basis of an excessive sentence because the 17-year sentence in exchange for which the applicant pleaded guilty exceeded the maximum sentence for a state jail felony, which was the level of offense supported by the actual quantity of controlled substance possessed by the applicant in that case. In this case, however, the 15-year sentence in exchange for which Applicant pleaded guilty falls within the punishment ranges both for a first degree felony and a second degree felony. Therefore, Applicant's sentence is not unauthorized as was the sentence in *Brown*.

Nevertheless, Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

3

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the plea papers in this case, including the written admonishments and any written plea agreement. The trial court shall also supplement the record with a copy of the lab report showing the results of the testing performed in this case. The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 20, 2015
Do not publish