

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,928-01

### EX PARTE CHRISTOPHER BALDWIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1421085-A IN THE 176TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of less than one gram of cocaine and was sentenced to eight months' imprisonment. He did not appeal his conviction.

After Applicant was convicted, the controlled substance in his case was tested and determined to contain .09 grams of codeine and acetaminophen. Applicant now contends that he is actually innocent and his guilty plea was involuntary. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex.

Crim. App. 1996); *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). The trial court made findings of fact and conclusions of law and recommended that we grant relief because Applicant had established that he was actually innocent and his plea was involuntary. We agree in part.

Applicant contends that he is actually innocent of possessing the codeine and acetaminophen because he obtained these substances under a valid prescription for Tylenol 3. *See* Tex. Health & Safety Code § 481.117(a) ("Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 3, unless the person obtains the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice"). Section 481.117(a) is a legal defense, and we have not held that such defenses establish that a person is actually innocent. *See Ex parte Fournier*, WR-82,102-01, ___ S.W.3d ___ (Tex. Crim. App. Oct. 28 2015).

We do agree that Applicant's guilty plea was rendered involuntary. Relief is granted. The judgment in cause number 1421085 in the 176th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the information. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 10, 2016
Do not publish