

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-83,489-01

### EX PARTE G'COBRA SMITH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1449083-A IN THE 337TH DISTRICT COURT FROM HARRIS COUNTY

KEASLER, J., filed a dissenting opinion in which KELLER, P.J., and HERVEY and YEARY, JJ., joined.

### DISSENTING OPINION

G'Cobra Smith was charged with the third-degree felony offense of possession of codeine, a Penalty Group 4 controlled substance, in the amount of more than twenty eight milligrams but less than 200 milligrams.[1] Pursuant to his plea agreement with the State, Smith pleaded guilty to the lesser included offense of attempted possession of codeine and was sentenced to 180 days' confinement. Subsequent chemical testing revealed that the substance Smith allegedly possessed did not contain any controlled substances or dangerous

---

[1] TEX. HEALTH & SAFETY CODE §§ 481.105(a), 481.118(c) (West 2014).

drugs.

We ordered that this application be filed and set for submission with briefing by the parties to determine whether Smith's plea to a lesser offense was rendered involuntary by the subsequent discovery that the evidence would not have supported the greater charge.[2] Instead of substantively addressing this issue, the Court simply grants relief under *Ex parte Mable*,[3] assuming that its rationale applies. I don't think it does.

Mable pleaded guilty to possession of a controlled substance, and like here, subsequent testing revealed that the seized substances did not contain any illicit materials.[4] The Court rejected Mable's actual-innocence claim on the basis that "it [was] possible that [Mable] . . . attempted to possess a controlled substance (which is a lesser included offense of possession)."[5] However, the Court in *Mable* interpreted an actual-innocence claim to also include an involuntary plea claim.[6] The Court then held Mable's plea unknowing and involuntary because, "all parties involved, including [Mable], incorrectly believed [Mable] had been in possession of drugs."[7] This fact, the Court continued, was "crucial" to the case,

---

[2] Order, *Ex parte Smith*, No. WR-83,489-01, 2015 WL 5453046 (Tex. Crim. App. Sept. 16, 2015) (per curiam) (not designated for publication).

[3] 443 S.W.3d 129 (Tex. Crim. App. 2014).

[4] *Id.* at 130.

[5] *Id.* at 130–31.

[6] *Id.* at 131.

[7] *Id.*

and while operating under such a misunderstanding, Mable's plea could not be knowingly and intelligently entered.[8]

The key or "crucial" distinction between *Mable* and Smith's case is that Smith did not plead guilty to possession of a controlled substance; he pleaded to the lesser included offense of attempt. A person commits the inchoate offense of criminal attempt "if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."[9] So in Smith's case, we cannot so boldly proclaim that the substance's identity was crucial to his case. And because *Mable*'s reasoning turns entirely on the cruciality of a misunderstanding or misestimation of a particular fact, we cannot confidently declare as involuntary Smith's guilty plea to the lesser included offense of attempt. The habeas judge's findings and conclusions and the parties' briefs do little to explain why *Mable*'s holding requires granting relief here. Without more, I am unwilling to stretch *Mable*'s broad reasoning beyond its borders.

FILED:            March 1, 2016

DO NOT PUBLISH

---

[8] *Id.* at 131.

[9] TEX. PENAL CODE § 15.01(a) (West 2014).