

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,139-01

### EX PARTE ROBERT THOMAS JOHNSON, II, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 15CR3165-83-1 IN THE 56TH DISTRICT COURT
### FROM GALVESTON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of amphetamine and sentenced to two years' imprisonment. He did not appeal his conviction.

Applicant contends that his sentence violates due process because the evidence in his case was tested and determined to be amphetamine in an FDA-approved form. *See* TEX. HEALTH & SAFETY CODE § 481.116(b). Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). However, the record in this case is incomplete. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*,

334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall supplement the record with the lab report showing that the evidence was tested and determined to be amphetamine in an FDA-approved form. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 11, 2017
Do not publish