

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-86,964-01 AND WR-86,964-02

### EX PARTE DOMINICK DARON NACOSTE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 15-03-02292 AND 15-02-01465 IN THE 221ST DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to one charge of possession of a controlled substance and one charge of engaging in organized criminal activity in exchange for eight years' deferred adjudication community supervision. He was later adjudicated guilty in both cases and sentenced to five years' imprisonment for each case, to run concurrently. He did not appeal his convictions.

Applicant initially filed two *pro se* applications for writs of habeas corpus, in which he

alleged, among other things,[1] that his trial counsel rendered ineffective assistance because counsel did not properly advise him that the facts did not support the charge in the possession of a controlled substance case, but advised him to plead guilty to both charges. Applicant alleges that his pleas of guilty in both cases were not knowingly and voluntarily entered, because he relied on trial counsel's erroneous advice that he could be subject to first degree felony punishment in the possession of a controlled substance case if he were convicted at trial.

In its preliminary response to Applicant's habeas applications, the State noted that the allegations of fact supporting Applicants *pro se* grounds "are incoherent and disjointed," but also noted that in the course of preparing that response, the State noticed that the laboratory report from the controlled substance analysis in the possession of a controlled substance case included a finding that the substance seized from Applicant in that case contained the dangerous drug promethazine, but made no mention of codeine, the substance Applicant was charged with and pleaded guilty to possessing. The State recommended that the trial court appoint habeas counsel in order to amend Applicant's habeas applications.

The trial court subsequently appointed habeas counsel, who filed "first amended" applications in both cause numbers. The first amended applications contain misstatements of fact, and are not compliant with Rule 73.1 of the Texas Rules of Appellate Procedure. Nevertheless, the parties submitted agreed findings of fact and conclusions of law, adopted by the trial court, recommending that relief be granted on the basis that Applicant was not informed at any time that the substance seized from him did not contain codeine, and that he would not have pleaded guilty to a first degree felony had he known that the substance did not contain codeine, citing to this

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

Court's opinion in *Ex parte Mable*, 443 S.W. 3d 129 (Tex. Crim. App. 2014). The agreed findings and conclusions also indicate that had "counsel" realized that the substance seized from Applicant did not contain codeine, the State would have made a more lenient plea bargain offer in the engaging in organized criminal activity case, and Applicant would not have pleaded guilty to that charge in exchange for eight years of deferred adjudication community supervision.

The agreed findings of fact and conclusions of law in this case are not entirely supported by the record, and the parties' citation to *Ex parte Mable* as the basis for relief is not correct. In *Ex parte Mable*, the substance seized from the applicant were not tested by the laboratory until after the applicant had pleaded guilty. The record in this case indicates that the indictment charging Applicant with possessing codeine in an amount of 400 grams or more, an enhanced first degree felony, was handed down on April 2, 2015. The laboratory report indicating that the substance possessed by Applicant contained promethazine rather than codeine was issued on July 1, 2015. Applicant pleaded guilty to the first degree felony offense of possession of codeine in an amount of 400 grams or more and the third degree felony offense of engaging in organized criminal activity on August 25, 2015. He pleaded "true" to the motion to adjudicate in both cases on May 25, 2016. By the time Applicant entered his original pleas in exchange for deferred adjudication, the State was presumably in possession of the laboratory report showing that the evidence supported only a misdemeanor charge. The record does not show whether the report was disclosed to the defense at any time before Applicant entered his pleas of guilty, or before he entered his pleas of "true" to the allegations in the motion to adjudicate.

Although the record does indicate that Applicant's pleas in both cases may not have been knowingly and voluntarily entered, it raises more serious questions about whether the State failed

to disclose exculpatory evidence to the defense, and whether trial counsel properly reviewed the record before advising Applicant to plead guilty in both cases.

Applicant, in his *pro se* applications, has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the trial prosecutor, trial counsel and adjudication counsel to respond to Applicant's claims.

Specifically, the trial prosecutor shall state when the laboratory report indicating that the substance possessed by Applicant contained promethazine but not codeine first came to the attention of the prosecutor. If the trial prosecutor was aware of the laboratory report at the time Applicant entered his original pleas of guilty in these cases, the trial prosecutor shall state whether it was ever disclosed to trial counsel and if not, why not. If the trial prosecutor was not aware of the report at the time of Applicant's original pleas in these cases, the trial prosecutor shall explain why not, given the date the report was issued. In addition, if the trial prosecutor was not aware of the laboratory report at the time of Applicant's original pleas, the trial prosecutor shall state whether, had it been known to the prosecutor at the time of Applicant's original pleas that the evidence in the possession case supported at most a misdemeanor charge, the prosecutor would have made a more favorable plea offer in the engaging in organized criminal activity case.

Trial counsel shall state whether he was aware at the time of Applicant's original pleas in these cases that the evidence seized from Applicant did not in fact contain codeine, but contained only promethazine. If trial counsel was aware of the laboratory report, he shall explain why he allowed Applicant to plead guilty to a first degree felony offense when the evidence supported only

a misdemeanor charge. If trial counsel was not aware of the report, he shall state whether he investigated the facts of the case to determine whether the evidence supported the charges, and if not, why not. Trial counsel shall also state whether, had he been aware that the evidence in that case supported only a misdemeanor charge, he would have advised Applicant to plead guilty to the third degree felony offense of engaging in organized criminal activity in exchange for eight years of deferred adjudication community supervision.

Adjudication counsel shall state whether he was aware of the laboratory report at any time before Applicant entered his pleas of "true" to the motions to adjudicate in these cases. If he was not aware of the laboratory report, adjudication counsel shall state whether, had he been aware of the report, he would have advised Applicant to plead "true" to the motions to adjudicate in exchange for concurrent five-year sentences in both cases.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State failed to disclose material, exculpatory evidence to the defense in this case. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel and adjudication counsel was deficient and, if so, whether either counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether Applicant's pleas of guilty and "true" were knowingly and voluntarily entered in both cases. The trial court shall also make any other findings of fact and conclusions of law that it

deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 26, 2017
Do not publish