

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,520-01

### EX PARTE ROBERT SNEED, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1429267-A IN THE 262ND DISTRICT COURT FROM HARRIS COUNTY

ALCALA, J., filed a dissenting opinion in which RICHARDSON and WALKER, JJ., joined.

### DISSENTING OPINION

The result of this case should serve as a cautionary tale for litigants involved in criminal law cases in Texas. In this case, this Court's majority order denies habeas relief to Robert Sneed, applicant, even though the parties agree that relief is appropriate and the habeas court recommends habeas relief for applicant. I respectfully disagree with this Court's decision to deny relief under these circumstances. I would instead hold that, when the parties agree to habeas relief under a viable legal theory and a habeas court recommends that such relief should be granted, this Court should follow that recommendation. I would accordingly defer to the habeas court's recommendation to grant relief in this case.

Here, this Court narrowly examines applicant's complaint as asserting a challenge to

the voluntariness of his plea based on his lack of awareness of impeachment evidence against a key witness. This Court disposes of applicant's claim by relying on *United States v. Ruiz*, 536 U.S. 622, 630 (2002), and concluding that a defendant's lack of awareness of mere impeachment evidence does not, without more, render his guilty plea involuntary. But this Court should instead construe applicant's complaint in the same manner as the habeas court understood it. The habeas court recommended relief for applicant under the theory that the State would not have prosecuted applicant for this offense had it known of the misconduct by its key witness. In effect, the habeas court determined that, due to significant misconduct by the State's key witness, the State would have been unable to call him as a witness at trial and would have been unable to prove its case against applicant.[1] Thus, in recommending that relief be granted, the habeas court viewed applicant's claim not as one challenging his lack of knowledge of mere impeachment evidence; instead the habeas court construed applicant's claim as one alleging that he lacked an understanding of the law in relation to the facts necessary to make a voluntary and intelligent decision to plead guilty. *See Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014). This Court's decision to deny applicant relief under the theory that the information unknown to applicant was mere impeachment evidence works a fundamental unfairness upon applicant by failing to consider that the unknown information wholly undermined the State's ability to prosecute its case and, had it been

---

[1] The habeas court's findings of fact indicate that the State "could not have sponsored" the witness if applicant's case had gone to trial and that the State "would not have prosecuted the applicant for the instant offense if such information had been previously known."

known at the time of his plea, would have resulted in the case being dismissed.

Even assuming that applicant did not plead this precise theory in his application, this Court has in the past construed pleadings to support a valid theory for habeas relief in cases such as this one in which it is readily apparent that relief is appropriate and the parties agree to the granting of relief. *See Mable*, 443 S.W.3d at 131. I would follow that course in this case and defer to the habeas court's recommendation that relief be granted.

For all of the foregoing reasons, I respectfully dissent from this Court's decision to deny relief.

Filed: June 27, 2018
Do Not Publish