

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,190-02

## EX PARTE ANDREW MELCHOR SAUCEDO, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1415435-A IN THE 262ND DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*. KEASER, J., filed a concurring opinion in which HERVEY and YEARY, JJ., joined. HERVEY, J., filed a concurring opinion in which KEASLER, J., joined. NEWELL, J., filed a concurring opinion in which RICHARDSON, WALKER and SLAUGHTER, JJ., joined. KELLER, P.J., filed a dissenting opinion in which KEEL, J., joined.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with the second-degree felony of possession of methamphetamine between 4 and 200 grams. Applicant pleaded guilty, and, according to the terms of a plea-bargain agreement, was placed on six years of deferred-adjudication probation. He was subsequently adjudicated guilty and sentenced to ten years' imprisonment. He did not appeal his conviction.

The State's testing of the substance revealed that Applicant had possessed a different controlled substance than the one alleged.[1] Applicant argues that, in light of this new evidence, his guilty plea was involuntary. The State agrees with Applicant. Applicant and the State submitted agreed findings recommending that relief be granted. The trial court also recommends granting relief because, in light of the laboratory report, Applicant's decision to plead guilty was not voluntary and intelligent. *Brady v. United States*, 397 U.S. 742 (1970); *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014).

Relief is granted. The judgment in Cause No. 1415435-A in the 262nd District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 26, 2019

Do not publish

---

[1] Specifically, the State's testing showed that Applicant had possessed methylethcathinone rather than methamphetamine. Methamphetamine is a penalty group one substance, and possession of 4–200 grams of a penalty group one substance is a second-degree felony. *See* TEX. HEALTH & SAFETY CODE §§ 481.102(6), 481.115(d). Methylethcathinone is a penalty group two substance, and possession of 4–400 grams of a penalty group two substance is also a second-degree felony. *See id.* §§ 481.103(4), 481.116(d).