

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-89,601-01

### EX PARTE CHARLES EDWARD THOMPSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1380303-A IN THE 179TH DISTRICT COURT
### FROM HARRIS COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEEL and SLAUGHTER, JJ., joined.**

The Court grants relief on the basis of *Ex parte Mable*,[1] but this case is not like *Mable*. In *Mable*, the defendant pled guilty before the substance he possessed had been tested.[2] In this case, however, the substance was tested—and the lab report was issued—before the guilty plea. In fact, the lab report was issued over a year before the plea.[3]

So what happened? In his application, Applicant claims that he was unaware of the lab report

---

[1] 443 S.W.3d 129 (Tex. Crim. App. 2014).

[2] *Id*. at 130.

[3] The lab report is dated March 28, 2013, and Applicant pled guilty on June 19, 2014.

when he pled guilty, and the habeas court's agreed findings credit that claim, but Applicant has not executed an affidavit to that effect, and we have not heard from his trial counsel. Is it true that Applicant was unaware of the report? Did his attorney know about it? What, if anything, did defense counsel do to discover whether testing was done and what the lab report revealed? If counsel did not take steps to discover whether testing was done, why didn't he?

Applicant received deferred adjudication—ostensibly a favorable plea agreement. He pled to a third-degree felony, consistent with the amount of the substance alleged in the indictment,[4] while testing revealed only enough substance to establish a state-jail felony.[5] But the indictment also alleged that Applicant had a prior conviction for robbery.[6] If a deadly weapon was used during that prior robbery offense, then the base state-jail offense would be punished as a third-degree felony.[7]

In its findings, the habeas court states, "Whether there was a breakdown in communication between the laboratory and the prosecutor's office, between Applicant's attorney and the Applicant, or simply a failure to review the evidence by the prosecution or defense attorney, the Applicant is not responsible for the mistake in this case." I think we need more information. I would remand for an affidavit from defense counsel. If defense counsel was aware of the information, he should explain what steps he took, if any, to convey this information to Applicant. If defense counsel was unaware of the information, he should explain what steps he took to discover whether there was

---

[4] *See* TEX. HEALTH & SAFETY CODE § 481.115(c).

[5] *See id.* § 481.115(b).

[6] This is contrary to the State's answer claiming, "There were no enhancements alleged within the indictment."

[7] TEX. PENAL CODE § 12.35(c)(1).

testing and a lab report or why he failed to take steps to discover this information.  I would also remand for information about whether there was a deadly weapon finding in the prior robbery conviction.

Because the Court grants relief without acquiring all the necessary information, I respectfully dissent.

Filed: October 2, 2019

Publish