

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,256-01

### EX PARTE FORREST HOBSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 19F0701-005 IN THE 5TH DISTRICT COURT FROM BOWIE COUNTY

**YEARY, J., filed a concurring opinion.**

### CONCURRING OPINION

In 2019, Forrest Hobson, the Applicant in this case, pled guilty to possessing a controlled substance and, pursuant to the plea agreement, was sentenced to eight years' imprisonment. Applicant filed a post-conviction application for writ of habeas corpus contending that he is actually innocent because the Texas Department of Public Safety lab's testing later showed that Applicant did not possess any controlled substance. Today, the Court grants relief to Applicant based on the involuntariness of Applicant's guilty plea, rather than actual innocence. *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). For the reasons developed extensively in my concurring opinion in *Ex parte Warfield*, __

S.W.3d __, No. 91,289-01, 2021 WL 710232 (Tex. Crim. App. 2021) (Yeary, J., concurring), I can likewise only concur in the Court's decision today.

Although I do not believe Applicant's guilty plea was involuntary, Applicant is entitled to relief because "due process simply will not tolerate the maintenance of a conviction for a greater offense than the facts could possibly support under the controlling penal statute." *Id.* at *6. Here, I would eschew the label of "actual innocence," *id*. at *5, because, under the facts as we now know them to be, he might still ultimately be found guilty of attempted possession of a controlled substance. I nevertheless believe Applicant has at least satisfied the standard for obtaining relief under *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996), with respect to the greater offense of possession of an actual controlled substance, and he is therefore entitled to a new trial. With these thoughts, I concur in today's decision.


FILED:                    March 31, 2021
PUBLISH