

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-93,188-01

### EX PARTE RAY ANTHONY HICKS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1393743-A IN THE 176TH DISTRICT COURT
### FROM HARRIS COUNTY

**Yeary, J., filed a dissenting opinion in which Keller, P.J., joined as to Part II.**

### DISSENTING OPINION

### I.      *MABLE* IS INAPPLICABLE

The only issue Applicant has raised in his writ application is whether he is "actually

innocent" of the lesser-included attempted forgery offense to which he pled guilty.[1] The

Court holds that he has not satisfied his burden to obtain relief under that claim. Majority

---

[1] "Actual innocence" is just a shorthand description of a claim that a habeas applicant has discovered new evidence that, by clear and convincing evidence, would have caused a jury to acquit him had it been presented at the time of trial. *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). Although I do not object to granting relief to qualified applicants from their judgments of conviction on that basis, I have elsewhere registered my objection to describing a claim under *Elizondo* as a claim of "actual innocence." *Ex parte Casey*, 543 S.W.3d 802 (Tex. Crim. App. 2016) (Yeary, J., concurring); *Ex parte Chaney*, 563 S.W.3d 239, 286–89 (Tex. Crim. App. 2018) (Yeary, J., concurring). I will not revisit those objections here.

Opinion at 3. That should be the end of it.

Applicant, who at this point is represented by counsel, did not originally claim that his guilty plea was involuntary.[2] Indeed, even as amended by counsel, Applicant's writ application still contains no claim that his guilty plea was involuntary. He also does not cite to *Mable*. *See Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014) (holding that applicant's guilty plea to possession of a controlled substance was involuntary when it was later revealed that the substance he had possessed was not a controlled substance after all).

This Court has made it clear in the past that, even with respect to post-conviction applications for writ of habeas corpus that are prepared *pro se*, "as a court of law we may not create claims that the Court *sua sponte* believes meritorious when they are not arguably present in an applicant's pleadings." *Ex parte Carter*, 521 S.W.3d 344, 350 (Tex. Crim. App. 2017). Especially because Applicant is now represented by counsel, this Court should not *sua sponte* "create" Applicant's claim for him even if it thinks that claim has merit.

What is more, even if I believed that this Court's opinion in *Mable* should be retained—which I do not—I would not grant relief on that basis here. I have elsewhere made my position clear that I believe *Mable* to have been wrongly decided, and I would not continue to propagate it. *See Ex parte Warfield*, 618 S.W.3d 69, 72–73 (Tex. Crim. App. 2021) (Yeary, J., concurring) (citing *Ex parte Saucedo*, 576 S.W.3d 712, 719 (Tex. Crim. App. 2019) (Keasler, concurring)). So, I would also dissent on that basis even if I thought it acceptable for the Court to invoke *Mable*, *sua sponte*, on Applicant's behalf.

---

[2] While Applicant filed his initial application *pro se,* the convicting court subsequently appointed counsel who has since timely amended that application.

## II.     *MABLE* IS DISTINGUISHABLE

To make matters worse, this case is clearly distinguishable from *Mable*. The Court today applies *Mable* as if it were on all fours with Applicant's case. It is not.

Mable was convicted on his plea of guilty to the offense of possession of a controlled substance. 443 S.W.3d at 130. When later forensic testing revealed that the substance he possessed was *not* controlled after all, the Court declared his plea to have been involuntary. *Id*. at 131. But the issue there was *not* whether he voluntarily pled guilty only to *attempted* possession of a controlled substance—after all, there was evidence that he at least *thought* he had been in possession of a controlled substance. *See id*. at 130–31 ("[I]t is possible . . . that he attempted to possess a controlled substance (which is a lesser included offenses [sic] of possession).").

Here, by contrast, Applicant pled guilty in the first instance only to the *attempted* offense. That offense—attempted forgery—is what the judgment in this case documents his guilt for, not an actual completed forgery. The record indeed apparently contains evidence that he admitted to an officer that he thought he had passed a forged $100 bill. No one has even argued that the evidence should be found insufficient to show that Applicant at least committed an attempted forgery offense. So, the Court today rightly concludes that it has not been shown that he did *not* commit *that* offense, even if the $100 bill was genuine.

I recognize that there is a great deal of irony in the fact that Applicant seems to have believed he possessed a *forged* $100 bill, and he used it as consideration in a commercial transaction believing it to have actually been forged. Thus, Applicant not only lost his good $100 bill, but he also committed the crime of *attempted* forgery. But all irony aside, for the

following reason, I do not think that makes his guilty plea involuntary.

Applicant was originally charged with a third-degree felony offense of forgery, subject to a two- to ten-year stint in the penitentiary. In pleading guilty to the lesser-included state-jail *attempt* offense, he obtained a six-month sentence in a state jail. It is not at all clear to me that, even had he known that the $100 bill was genuine, Applicant would not have pled guilty anyway, to assure himself of the lesser punishment, even if he had thought he might prevail on appeal if he were to challenge a jury-trial conviction for the lesser offense. *See Ex parte Barnaby*, 475 S.W.3d 316, 326 (Tex. Crim. App. 2015) ("[A]pplicant's assertion that he would not have plead guilty had he known of the falsity of the laboratory report is unpersuasive in light of the benefit he received from the plea bargain.").

Applicant does not allege that he would have insisted on going to trial—and indeed, he has not even pled that his guilty plea was involuntary in the first place. For all we know, Applicant did not allege involuntariness because he cannot honestly claim that he would not have pled guilty anyway, in order to obtain the benefit of the six-month state jail sentence rather than, at least potentially, penitentiary time. Moreover, even if Applicant had contended in this proceeding that his plea was involuntary, and the convicting court had recommended granting relief on that basis, as the "ultimate" factfinder in post-conviction habeas corpus proceedings, I would not have been convinced that he would have insisted on going to trial. *See Ex parte Navarijo*, 433 S.W.3d 558, 567 (Tex. Crim. App. 2014) (observing that this Court is the "ultimate" factfinder in post-conviction habeas corpus proceedings, and that we do not have to accept the recommended findings of fact from the convicting court).

### III.    CONCLUSION

Applicant is not entitled to relief, the Court acknowledges, based on the only claim he has raised in his post-conviction writ application. And yet, the Court grants relief anyway, on the basis of an issue it inappropriately raises for him *sua sponte*, and upon which Applicant should *also* be denied relief, in any event, even if he *had* raised it. For all these reasons, I respectfully dissent.

FILED:                                          February 16, 2022
PUBLISH