

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,669-01

**EX PARTE LONG VIET NGUYEN, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 16-09-00114CRF IN THE 218TH DISTRICT COURT
## FROM FRIO COUNTY

*Per curiam*.  YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.

### O R D E R

Applicant was convicted of possession of a prohibited substance in a correctional facility and sentenced to four years' imprisonment.  He did not appeal his conviction.  Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that counsel failed to timely file a motion for new trial and a notice of appeal. Applicant also contends that his plea was involuntary because (1) counsel was ineffective for giving him erroneous advise and for refusing to allow him to enter an open guilty plea; and (2) the substance he possessed was not in fact a prohibited substance. Applicant has alleged facts that, if true, might entitle him to relief. *Jones v. State*, 98 S.W.3d 700,

703 (Tex. Crim. App. 2003); *Garza v. Idaho*, 139 S. Ct. 738 (2019); *Hill v. Lockhart*, 474 U.S. 52 (1985); *Brady v. United States*, 397 U.S. 742 (1970); *Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to an appeal because trial counsel was ineffective. The trial court shall make specific findings addressing whether Applicant instructed counsel to perfect appeal. The trial court shall also make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:  May 18, 2022
Do not publish