

# In the Court of Criminal Appeals of Texas

No. WR-93,821-01

EX PARTE JESSE RAY OHLEMACHER,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 1394386-A in the 339th District Court
From Harris County

YEARY, J., filed a concurring opinion.

In 2013, Applicant pled guilty to the offense of possession of cocaine, a penalty group one controlled substance, and was sentenced to one hundred eighty days' confinement in state jail. *See* TEX. HEALTH & SAFETY CODE § 481.115 (establishing the offense of possession of a penalty group one controlled substance). Eight years later, Applicant received a letter from the District Attorney for the county of his

conviction. In this letter, the District Attorney informed Applicant that, about a month after Applicant's conviction, a crime laboratory analyzed the substance that was found in Applicant's possession. The lab test did not identify any cocaine or other penalty group one controlled substances. Instead, the lab test identified a penalty group two controlled substance, A-PVP. The Texas Health and Safety Code categorizes possession of a penalty group two controlled substance as a distinct offense from possession of a penalty group one controlled substance. TEX. HEALTH & SAFETY CODE § 481.116.

Today, the Court grants Applicant relief based on his claim that his guilty plea was involuntary. For reasons already expressed in previous opinions such as Judge Keasler's concurring opinion in *Ex parte Saucedo*, 576 S.W.3d 712, 712–22 (Tex. Crim. App. 2019), and my concurring opinion in *Ex parte Warfield*, 618 S.W.3d 69, 72–75 (Tex. Crim. App. 2021), I disagree that Applicant's guilty plea was involuntary. But I agree that he is entitled to post-conviction relief on due process and due course of law grounds.

When undisputed new facts that were inaccessible to both parties at the time of a trial or plea irrefutably demonstrate that an Applicant is *not guilty* of the offense for which a judgment of conviction has been entered, the rights to due process and due course of law are implicated. But for the inaccessibility of those newly discovered facts, a rational jury or judge would *not* have entered either a finding or a judgment of guilt. In these circumstances, a court—with jurisdiction that has been properly invoked—must not tolerate the perpetuation of the false judgment. The previous inaccessibility of the evidence definitively

demonstrates the fundamental unfairness of the process that led to the verdict, regardless of the existence of some other error. This conclusion is necessary to preserve the very integrity of our judicial system itself. Otherwise, our system might improperly preserve, and even honor, demonstrably false judgments.

Applicant did plead guilty to the offense of possession of a penalty group one controlled substance. TEX. HEALTH & SAFETY CODE § 481.115. And his plea was not involuntary. However, it is now irrefutably clear that he is *not guilty* of that offense. Instead, the undisputed facts clearly show that, if he is guilty, he is guilty only of the offense of possession of a penalty group two controlled substance. TEX. HEALTH & SAFETY CODE § 481.116.[1] Applicant's false judgment must be overturned.

Additionally, I remain steadfast in my belief that this Court should simply overrule *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014).

With these comments, I concur in the result.

**FILED:**                        February 1, 2023
**PUBLISH**

---

[1] This case is *not* one involving what I would consider to be a mere variance between similarly treated substances—one in which the substance a defendant was convicted for possessing is different than the substance he actually possessed, but possession of both of the substances is made a crime by the same statute and the penalty range for possession of either substance is the same. In this case, possession of the substance that it appears that Applicant actually possessed is prohibited under an entirely different statute.