

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,821-01

### EX PARTE JESSE RAY OHLEMACHER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1394386-A IN THE 339TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion.

### O P I N I O N

Applicant was convicted of possession of cocaine, a penalty group one substance, in the amount of less than one gram, and was sentenced to 180 days in state jail. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because after his conviction, the substance was tested and determined to be A-PVP, a penalty group two controlled substance. Applicant was unaware of the 2013 lab report until the District Attorney sent him a letter in 2021. He contends he is entitled to relief based on a due process violation or an involuntary plea claim because he did not know when he entered his guilty plea and was convicted that he did not in fact possess a penalty

group one substance.

Based on the record, the trial court has determined that Applicant's conviction violated due process and his guilty plea was involuntary. The lab report established that Applicant possessed a penalty group two controlled substance. Therefore, Applicant is entitled to relief. The trial court's findings of fact and conclusions of law are supported by the record.

Relief is granted. *Ex parte Mable,* 443 S.W.3d 129 (Tex. Crim. App. 2014), *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 139438601010 in the 339th District Court of Harris County is set aside. We remand this case to the trial court for further proceedings. *See Ex parte Harrington,* 310 S.W.3d 452, 460 (Tex. Crim. App. 2010).

Delivered: February 1, 2023
Do not publish