

# In the Court of Criminal Appeals of Texas

---

No. WR-95,630-01

---

## EX PARTE STANLEY LEE JOHNSON,

*Applicant*

---

On Application for Writ of Habeas Corpus
In Cause No. 1087344-A in the 230th District Court
Harris County

---

YEARY, J., filed a dissenting opinion.

In October of 2006, Applicant pled guilty to possession of between four and 200 grams of a penalty group one controlled substance—phencyclidine (PCP)—and was sentenced to two years' imprisonment.[1]

---

[1] Applicant long ago completed his sentence, but he has established collateral consequences "sufficient to establish 'confinement' so as to trigger application of art. 11.07." *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim.

*See* TEX. HEALTH & SAFETY CODE §§ 481.115(d) (establishing possession of "four grams or more but less than 200 grams" of a penalty group one controlled substance as a second-degree felony), 481.102(8) (classifying phencyclidine and its salts as a penalty group one controlled substance). The record suggests that the substance found in Applicant's possession was not tested until fifteen years after his plea. The test was conducted by the Harris County Institute for Forensic Sciences. According to its July 2021 Drug Chemistry Report, the lab test identified the presence of PCP but in an amount of "2.518 ± 0.026 grams[.]"

In January of 2024, Applicant, through his plea counsel, filed an application for a writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. Based on the previously unavailable laboratory analysis, Applicant alleges: (1) that his conviction violates due process; and (2) that his plea of guilty was involuntary. Today, the Court grants Applicant relief on the basis of his second claim, involuntary plea, citing *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). Majority Opinion at 1. For the reasons below, I cannot join the Court in its judgment.

## I. INVOLUNTARY PLEA

First, I would not grant any applicant relief under *Mable* because, as I have steadfastly argued, *Mable* was wrongly decided and should be overruled for the reasons articulated by Judge Keasler's concurring opinion in *Ex parte Saucedo*, 576 S.W.3d 712, 712–22 (Tex. Crim. App. 2019) (Keasler, J., concurring), and in my concurring opinion in *Ex parte*

---

App. 2010). Specifically, the record shows that Applicant's conviction in this cause has been used to enhance his sentence in others.

*Warfield*, 618 S.W.3d 69, 72–75 (Tex. Crim. App. 2021) (Yeary, J., concurring). I reaffirm my belief today that this Court should overrule *Mable*. Subsequent factual developments, without any "suggestion that [the applicant] was fraudulently misled or coerced into pleading guilty or that his plea counsel was ineffective[,]" do not *retroactively* render an applicant's plea of guilty involuntary. *Saucedo*, 576 S.W.3d at 721, 719 (Keasler, J., concurring) (an applicant's "ignorance of facts he 'knew . . . he did not know' should not invalidate his otherwise voluntary decision to plead guilty") (quoting *Ex parte Palmberg*, 491 S.W.3d 804, 810 (Tex. Crim. App. 2016)). In this case, Applicant has pled no facts demonstrating that his plea of guilty was involuntary at the time he made it. Consequently, I disagree that Applicant is entitled to relief on the ground that his plea was involuntary.

## II. DUE PROCESS AND DUE COURSE OF LAW

My quarrel with *Mable* aside, I have sometimes agreed that applicants in similar cases may be entitled to post-conviction relief on grounds of due process and due course of law. As I wrote in *Ex parte Ohlemacher*:

> When undisputed new facts that were inaccessible to both parties at the time of a trial or plea irrefutably demonstrate that an Applicant is *not guilty* of the offense for which a judgment of conviction has been entered, the right to due process and due course of law are implicated. But for the inaccessibility of those newly discovered facts, a rational jury or judge would *not* have entered either a finding or a judgment of guilt.

666 S.W.3d 528, 528 (Tex. Crim. App. 2023) (Yeary, J., concurring). Thus, when subsequent analysis of the evidence in a controlled

substance case proves that the applicant possessed less of the substance than he pled guilty to possessing, such that the applicant should have been convicted only of a lesser offense, due process demands that the applicant's false judgment be corrected.

In this case, I would not rule out that Applicant may ultimately be entitled to this form of relief. But the current state of the record in this case gives me pause. I would remand this application to the habeas court with instructions to make supplemental findings and conclusions with respect to the following questions:

- How, and by whom, was the evidence in this case initially determined to weigh at least four grams?

- Why was Applicant initially charged with possessing, with the intent to deliver, "more than 28 grams and less than 200 grams" of PCP? And why did the State move to amend the charge to a possession-only offense and in an amount between four and 200 grams?

- Was the evidence in this case ever tested and/or weighed prior to the forensic analysis recorded in the July 2021 drug chemistry report? If so, what were the results, and why should they, or why should they not, be credited?

- What assurance is there that the weight of the substance Applicant possessed at the time of the offense has not changed in the interim between Applicant's arrest in October of 2006 and the testing of the evidence in July of 2021?

If the habeas court's development of the record should "irrefutably demonstrate that . . . Applicant is *not guilty* of the offense for which a judgment of conviction has been entered," *Ohlemacher*, 666 S.W.3d at 528 (Yeary, J., concurring), then I would agree that Applicant is at least

entitled to reformation of his judgment to reflect a conviction for the offense he actually committed. Because the record as it stands does not support that conclusion, I cannot yet agree that Applicant is entitled to relief.

### III. CONCLUSION

I would remand this application to the habeas court to develop the record with respect to Applicant's due process claim. Because the Court instead grants Applicant relief under *Mable*, I must respectfully dissent.

**FILED:**                                          June 19, 2024
**DO NOT PUBLISH**