

# In the Court of Criminal Appeals of Texas

No. WR-93,824-01

EX PARTE SHANEA LYNN REEDER, *Applicant*

On Application for Writ of Habeas Corpus
In Cause No. 5427-A in the 31st Judicial District Court
Wheeler County

YEARY, J., filed a dissenting opinion.

The Court decides in this case that Applicant could not have been lawfully convicted of possession of a firearm by a felon because he was only placed on deferred adjudication community supervision in the underlying case that was alleged to be the predicate felony conviction. Majority Opinion at Part II (ANALYSIS OF THE STATUTE), 4–9. I agree with that much of its analysis. Applicant cannot lawfully have been convicted for being a convicted felon in possession of a weapon based

upon the merely-deferred-adjudication-imposed case for which he was incorrectly alleged in the information to have been previously "convicted." *See* TEX. PENAL CODE § 46.04(a) ("A person who has been convicted of a felony commits an offense if he possesses a firearm . . ."). I disagree, however, that his conviction must be set aside on the ground that his guilty plea was involuntary. And while I might ultimately agree that Applicant is entitled to relief, I cannot come to that conclusion without remanding the case to the convicting court for a second time.

## I. INVOLUNTARY PLEA

Applicant is pursuing this post-conviction application for writ of habeas corpus *pro se*. Nowhere, in either the application he has filed, or in his memorandum in support, do the words "involuntary plea" appear. Nor does his legal argument embrace "involuntary plea" as a rationale justifying relief. "[T]his Court should not *sua sponte* 'create' Applicant's claim for him even if it thinks that claim has merit." *Ex parte Hicks*, 640 S.W.3d 232, 236 (Tex. Crim. App. 2022) (Yeary, J., dissenting) (citing *Ex parte Carter*, 521 S.W.3d 344, 350 (Tex. Crim. App. 2017)). In any event, the Court relies upon *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2016), for the proposition that Applicant's guilty plea was involuntary. Majority Opinion at Part III (ANALYSIS OF RELIEF), 9−13. For reasons most recently explained in my dissenting opinion in *Ex parte Hooper*, 685 S.W.3d 152, 155−56 (Tex. Crim. App. 2024), I reject the *Mable* involuntary-plea rationale for granting relief in cases like this one.

## II. ABSOLUTE INNOCENCE

On the other hand, I believe Applicant has stated facts that could possibly support granting him relief on a claim that I have called

"absolute innocence." *See Ex parte Warfield*, 618 S.W.3d 69, 74 (Tex. Crim. App. 2021) (Yeary, J., concurring) ("If the penal provision under which an applicant is convicted is later construed for the first time in such a way that it manifestly could *not* support a conviction based upon the undisputed facts of the case, we should be able to declare the applicant 'actually innocent' of that offense—even for the first time in post-conviction proceedings."). Applicant has stated facts which *might* entitle him to relief under this due process theory. *See Ex parte Lane*, 670 S.W.3d 662, 685 (Tex. Crim. App. 2023) ("We should . . . grant relief to Applicant in this case today, whatever label we choose to append to his due process claim.").

The problem for Applicant, and the reason I cannot yet agree that relief is appropriate in this case, is that if there was some *other* felony conviction on Applicant's record that could have supported his conviction for possession of a firearm by a felon, then he may not be entitled to relief under this due process theory either. *Cf. Ex parte Rodgers*, 598 S.W.3d 262 (Tex. Crim. App. 2020) (even a defective enhancement that has jurisdictional implications may be harmless if an alternative prior conviction exists that would have supported enhancement). For this reason, when the Court remanded this case to the convicting court in November of 2022, it instructed the convicting court to "make findings of fact and conclusions of law as to whether Applicant had a different felony conviction which could have been used as the predicate offense for this felony conviction." *Ex parte Reeder*, No. WR-93,824-01, 2022 WL 16627573, at *1 (Tex. Crim. App. Nov. 2, 2022) (ord., not designated for publication). It is not clear to me, however, that

the convicting court has complied with the Court's order.

After the Court's remand order, the District Attorney of the 31st Judicial District, which includes Wheeler County, executed an affidavit in which he proclaimed:

> After examining the criminal history for Shanea Lynn Reeder, what appears to be a conviction in Cause Number 5054 [the alleged underlying felony in this case] was in truth and in-fact a probation "sentence modification['] … Therefore[,] Shan[e]a Lynn Reeder was not a convicted felon at the time of his plea in cause number 5427 [the unlawful possession of a firearm by a felon case].

Accordingly, in its only conclusion of law following our remand order, the convicting court concluded that Applicant "*was not a convicted felon* on the date of his arrest for Unlawful Possession of Firearm by Felon *as charged and convicted* in Cause Number 5427, until 181 days after his arrest for Unlawful Possession of Firearm by Felon[,]" when the convicting court adjudicated him guilty of the underlying offense. (Emphasis Added.)

Neither the District Attorney's affidavit, nor the convicting court's findings of fact in support of the above-quoted conclusion of law, unequivocally constitutes a finding of fact that Applicant had suffered no *other* felony conviction that might have supported his conviction for possession of a firearm by a felon. In context, the affidavit and findings seem to be nothing more than assertions that Applicant's deferred adjudication status rendered the *alleged underlying felony* insufficient to satisfy the penal statute. But that is not the information the Court's remand order sought.

Acknowledging that the Court had "remanded the case to

determine whether Applicant had another felony conviction that would have supported his guilty plea[,]" the Court concludes that "[h]e did not." Majority Opinion at 4, 12. In my view, however, the record of this case still does not firmly establish that no other felony conviction exists.

### III. CONCLUSION

I would not grant Applicant post-conviction relief without first remanding the case a second time for the convicting court to clarify whether Applicant has any *other* felony conviction that might have supported conviction in this case. I respectfully dissent.

**FILED:**                     June 26, 2024
**PUBLISH**