

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-93,347-02 & WR-93,347-03

## EX PARTE GREGORY SCOTT SIPPEL, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. 1430076-A & 1430077-A IN THE 180TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.* KELLER, P.J., filed a dissenting opinion in which SLAUGHTER, J., joined. YEARY, J., filed a dissenting opinion. KEEL, J., dissented.

### O P I N I O N

Applicant pleaded guilty, was convicted of possession with intent to deliver controlled substances, and was sentenced to six years' imprisonment in these causes. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his pleas were involuntary and that he is actually innocent of the offenses of conviction. Specifically, Applicant states that when he pleaded guilty to possession with intent to deliver hydrocodone, he was not aware that the tablets he possessed did not contain hydrocodone. However, a lab report he received in 2022 shows that the tablets did not contain

hydrocodone, though they contained approximately .44 grams of Alprazolam. Further, when Applicant pleaded guilty to possession with intent to deliver 4 to 200 grams of heroin, he was not aware that the substance he possessed constituted less than 1 gram of heroin. But the lab report he received in 2022 establishes that he possessed less than 1 gram of heroin. Therefore, each possession with intent to deliver offense should have been a state jail felony. The State agrees. Based on the record, the trial court has determined that Applicant's convictions violate due process.

Relief is granted. *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014), *Brady v. United States*, 397 U.S. 742 (1970). The judgments in cause numbers 1430076 and 1430077 in the 180th District Court of Harris County are set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictments. The trial court shall issue any necessary bench warrants within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered:          August 21, 2024
Do not publish