

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-97,482-01

## EX PARTE MICHAEL JUSTICE WENZEL, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 25-03-04548 IN THE 221ST DISTRICT COURT MONTGOMERY COUNTY

Finley, J., filed a concurring opinion in which Yeary, J., joined.

### CONCURRING OPINION

This is an involuntary plea case. On March 25, 2025, Applicant was charged with possession with intent to distribute alprazolam, with weight more than 28 grams but less than 200 grams—a second-degree felony. Less than a month later, on April 17, 2025, and before lab testing was completed, Applicant pleaded guilty to the lesser-included offense of possession of a controlled substance, a state-jail

felony. The State filed a motion under Section 12.44(a) of the Penal Code to reduce the range of punishment of Applicant's offense to that of a Class A misdemeanor. *See* TEX. PENAL CODE § 12.44(a). The trial court followed the plea bargain agreement, convicted Applicant of the lesser-included possession offense, and sentenced Applicant to 120 days' confinement in the county jail.

On June 5, 2025, the State notified Applicant that the crime laboratory had analyzed the controlled substance and found it to be buspirone, not alprazolam. Buspirone is not a controlled substance under Texas law. On January 30, 2026, Applicant filed the instant application for a writ of habeas corpus, claiming his plea was involuntary citing this Court's decision in *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). The Court today agrees with Applicant and grants Applicant relief, citing *Mable*.

I have previously expressed doubts about this Court's current involuntary plea jurisprudence. *See, e.g.*, *Ex parte Warren*, 721 S.W.3d 247 (Tex. Crim. App. 2025) (FINLEY, J., joined by SCHENCK, P.J., YEARY, and PARKER, JJ., dissenting); *Ex parte Salas*, 713 S.W.3d 777 (Tex. Crim. App. 2025) (FINLEY, J., joined by SCHENCK, P.J., and PARKER, J., dissenting). For the reasons I expressed in those opinions, as well as the reasons expressed by other Judges of this Court, I believe that this Court's continued reliance on *Mable* should be

abandoned and that Applicant's plea was not involuntary. *See, e.g.*, *Ex parte Saucedo*, 576 S.W.3d 712, 714 (Tex. Crim. App. 2019) (KEASLER, J., concurring); *id.* at 722 (HERVEY, J., joined by KEASLER, J., concurring); *Ex parte Warfield*, 618 S.W.3d 69, 72 (Tex. Crim. App. 2021) (YEARY, J., concurring). "[S]o long as an accused enters a guilty plea with an awareness of what he does not know, it cannot be said that he pled involuntarily." *Warfield*, 618 S.W.3d at 72 (YEARY, J., concurring); *Salas*, 713 S.W.3d at 779 (FINLEY, J., dissenting) ("The fact that his roll of the dice did not turn out as favorably as it might have had he proceeded to trial is not a ground for invalidating his plea."). Those principles warrant denying relief on Applicant's involuntary plea claim and counsel this Court towards abandoning *Mable*.

With that said, Applicant is nevertheless entitled to habeas relief for the reasons JUDGE YEARY explained in *Warfield*. 618 S.W.3d at 74–75 (YEARY, J., concurring) ("Under these circumstances, due process simply will not tolerate the maintenance of a conviction for a greater offense than the facts could possibly support under the controlling penal statute."). Applicant has established entitlement to relief on that basis because the evidence conclusively shows that he committed no crime at all—he did not possess a controlled substance. Consequently, due process cannot tolerate his conviction.

I agree that Applicant is entitled to habeas relief. I simply cannot join the Court's order granting relief on involuntary plea grounds. With these thoughts, I concur with the Court's order.

**Filed: April 30, 2026**
**Publish**