

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

No. AP-76,102

EX PARTE GREGORY LYNN SMITH, Applicant

On Application for a Writ of Habeas Corpus from
Case No. 31558CR of the 40th Judicial District Court of
Ellis County

*WOMACK, J., delivered the opinion of the Court, in which MEYERS, PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. KELLER, P.J., concurred in the judgment.*

This is a post-conviction application for a writ of habeas corpus brought pursuant to Article 11.07 of the Code of Criminal Procedure. The applicant seeks relief from a conviction for unlawful possession of firearm.

The indictment alleged that he intentionally or knowingly possessed a firearm on or about September 6, 2006, before the fifth anniversary of his having been released from community supervision, he having been convicted of the felony offense of possession of controlled substance with intent to deliver on August 5, 2005.

When he was found to be in possession of a firearm (which is not disputed) the applicant was on deferred-adjudication community supervision for the second-degree felony offense of possession of controlled substance.

The applicant pleaded guilty to the indictment and was sentenced to the maximum punishment of ten years in prison. The trial court ordered that the sentence run concurrently with the twenty-year sentence that it imposed in the controlled-substance case after adjudicating the defendant guilty.

The applicant seeks relief from the possession-of-firearm conviction on three grounds: insufficient evidence of guilt, ineffective assistance of counsel, and unknowing and involuntary plea.

## Insufficient Evidence

Petitioners may not, in post-conviction habeas corpus, collaterally attack the sufficiency of the evidence to support the conviction.[1] Even if the attack could be made, we notice that the applicant judicially confessed to committing the offense, which was sufficient evidence to support a plea of guilty.

## Ineffective Assistance of Counsel and Unknowing and Involuntary Plea

Ineffective assistance of counsel may be a ground for habeas-corpus relief after conviction. The question is whether the applicant has shown that counsel's performance was deficient. There is a strong presumption that counsel's performance was adequate. The applicant must identify acts or omissions that were outside the wide range of professional competence.[2]

---

[1] *Ex parte Easter*, 615 S.W.2d 719, 721(Tex. Cr. App. 1981).

[2] *See Strickland v. Washington*, 466 U.S. 668, 687–91 (1984).

The applicant alleges that counsel's performance at trial was deficient because he failed to investigate applicant's criminal history concerning prior felonies. "Applicant was not a convicted felon," and counsel should have known that.

Similarly, the applicant alleges that he did not understand that, because his deferred adjudication was not a final conviction, he was not a convicted felon. Therefore his plea was unknowing and involuntary.

Discussion

The indictment alleged a violation of the following provisions of the most recent version of the Unlawful Possession of Firearm statute, Section 46.04 of the Penal Code (effective September 1, 2003):

> (a) A person who has been convicted of a felony commits an offense if he possesses a firearm:
>
> > (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; ….

On its face, the statute seems to make it an offense for a "person who has been convicted of a felony" to possess a firearm "after conviction" and "before the fifth anniversary" of either of two events:

(A) "the person's release from confinement following conviction of the felony, or

(B) "the person's release from supervision under community supervision, parole, or mandatory supervision."

Therefore the class of persons who have "been convicted of a felony," as that term is used in Section 46.04, includes those in any of three circumstances:

(1) those who have been in "confinement,"

(2) those who have been supervised under parole or mandatory supervision — all of whom will have been in confinement, since parole[3] and mandatory supervision[4] involve release after a final conviction, and

(3) those who have been under "community supervision," which may not involve confinement. As defined in the Code of Criminal Procedure, "'Community supervision' means the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which:

"(A) criminal proceedings are deferred without an adjudication of guilt; or

"(B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part."[5]

Whether the Unlawful Possession of Firearm statute applies to a person who is, or has been, on deferred-adjudication community supervision is not clear.

The statute begins by limiting the class of offenders to the "person who has been convicted," and it repeats that the offense is committed by possession of a firearm "after conviction." Deferred adjudication is distinguished from other forms of community supervision

---

[3] "'Parole' means the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardon and paroles division." GOV'T CODE § 508.001(6).

[4] "'Mandatory supervision' means the release of an eligible inmate sentenced to the institution division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." *Id.*, § 508.001(5).

[5] CODE CRIM. PROC. art. 42.12, § 2.

in that the defendant is not found guilty. It may be, and has been, said that it is not a conviction:

"The essence of deferred adjudication is that the defendant is placed on community supervision without a finding of guilt and without being convicted of any offense."[6]

Another statute that deals with firearms, regulating the carrying of concealed handguns, gave "convicted" a special definition that included deferred adjudication:

> "'Convicted' means an adjudication of guilt or, except as provided in Section 411.1711, an order of deferred adjudication entered against a person by a court of competent jurisdiction whether or not the imposition of the sentence is subsequently probated and the person is discharged from community supervision. The term does not include an adjudication of guilt or an order of deferred adjudication that has been subsequently:
> (A) expunged; or
> (B) pardoned under the authority of a state or federal official."[7]

A related statute created an exemption from the status of being "convicted" for some persons who were on deferred adjudication.[8]

Whether a person who is on deferred adjudication has been "convicted" as that term is used in the Unlawful Possession of Firearm statute need not be resolved today. The claim before us is that the applicant was denied effective assistance of counsel when his attorney allowed him to plead guilty without raising this question in the trial court. We think that this may not be called ineffective assistance. For one thing, as we have explained, the issue of the proper construction

---

[6] George E. Dix & Robert O. Dawson, *Texas Practice – Criminal Practice and Procedure* § 39.51 (2001).

[7] GOV'T CODE § 411.171.

[8] *Id.*, § 411.1711.

of the statute was unresolved and remains unclear. In such circumstances, counsel usually may not be held to have rendered ineffective assistance. [9]

For another, the circumstances of the case must be taken into account. The applicant was on deferred adjudication for a felony of the second degree; he faced a twenty-year sentence for any violation of the conditions of supervision. He also pleaded guilty to several other felony offenses, with the agreement that the sentences in those cases, like the sentence in this case, would run concurrently with the twenty-year sentence.

Given the unsettled state of the law regarding the possession of firearm statute, and the agreement for concurrent sentencing in that case and other cases, we do not think that counsel's advice to plead guilty to the firearm offense can be called ineffective assistance.

Relief is denied.

Delivered September 30, 2009.
Publish.

---

[9] *See Ex parte Chandler*, 182 S.W.3d 350, 358 (Tex. Cr. App. 2005); *Ex parte Welch*, 981 S.W.2d 183, 184 (Tex. Cr. App. 1998) ("[W]e will not find counsel ineffective where the claimed error is based upon unsettled law").