# NO. 12-16-00320-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THOMAS SHANE PEARCE,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Thomas Shane Pearce appeals his conviction for "assault caus[ing] bodily injury family violence." In a single issue, Appellant contends the imposition of court costs is not supported by the record. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by information with "assault caus[ing] bodily injury family violence." Appellant pleaded "guilty" to that offense on December 5, 2016. The trial court accepted Appellant's plea and sentenced him to eighteen months deferred adjudication community supervision. The judgment and bill of costs both show the amount of court costs as $269. This appeal followed.

## COURT COSTS

In his sole issue, Appellant contends that the trial court erred in imposing court costs in an amount not supported by the record. At the time of the appeal, the certified bill of costs was not in the record. Since the filing of Appellant's brief, the record has been supplemented with a

bill of costs.[1]  Accordingly, we review Appellant's issue as a challenge to the sufficiency of the evidence supporting court costs.

## Standard of Review and Applicable Law

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case.  *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, 403 S.W.3d 377, 382 (Tex. App.–Houston [1st Dist.] 2013), *aff'd*, 423 S.W.3d 396 (Tex. Crim. App. 2014). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson*, 405 S.W.3d at 354.

## Evidence Supporting Assessment of Costs

The bill of costs shows the amount of court costs is $269, and the trial court's judgment assesses court costs in that amount.  We have review the items listed in the bill of costs, and all listed costs and fees are authorized by statute.  *See, e.g., Ireland v. State*, No. 03-14-00616-CR, 2015 WL 4914982, at *3 n.3 (Tex. App.—Austin Aug. 12, 2015, no pet.) (mem. op., not designated for publication) (identifying statutory sources for assessment of fees in bill of costs). However, the bill of costs includes the $4 "jury service fee" and $25 "criminal district attorneys fee."  The State concedes these fees are not supported by the record because Appellant was placed on deferred adjudication community supervision and has not been convicted.  We agree. The applicable statutes expressly state that these two particular fees apply to a person convicted of an offense.  *See* TEX. CODE CRIM. PROC. ANN. arts. 102.0045(a) (West Supp. 2016), 102.008(a), (d) (West 2006).  Appellant is on deferred adjudication community supervision and is not yet convicted of an offense. *See Ex Parte Smith*, 296 S.W.3d 78, 80 (Tex. Crim. App. 2009) ("The essence of deferred adjudication is that the defendant is placed on community supervision without a finding of guilt and without being convicted of any offense[]") (quoting 6 George E. Dix & Robert O. Dawson, *Texas Practice–Criminal Practice and Procedure* § 39.51 (2001)).

---

[1] *See Johnson v. State*, 405 S.W.3d 350, 353 (Tex. App.—Tyler 2013, no pet.) (permitting supplementation of record with bill of costs, and reviewing issue as challenge to sufficiency of the evidence to support imposition of court costs).

We have the authority to modify a judgment to make the record speak the truth when we have the necessary data and information to do so. *Brewer v. State*, 572 S.W.2d 719, 723 (Tex. Crim. App. 1978); *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.); *Davis v. State*, 323 S.W.3d 190, 198 (Tex. App.–Dallas 2008, pet. ref'd). Because we have the necessary data and evidence to reform the judgment in this case, we conclude that the judgment and bill of costs should be modified to reflect the correct amount of court costs. *See* TEX. R. APP. P. 43.2(b); *see also Brewer*, 572 S.W.2d at 723; *Ingram*, 261 S.W.3d at 754; *Davis*, 323 S.W.3d at 198. We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we modify the trial court's judgment to reflect the amount of $240 in court costs. *See* TEX. R. APP. P. 43.2(b). We ***affirm*** the judgment as modified.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-16-00320-CR**

**THOMAS SHANE PEARCE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law
of Smith County, Texas (Tr.Ct.No. 001-82843-16)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect the amount of $240 in court costs; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*