

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-87,881-01

### EX PARTE GREGORY ALLEN SKINNER, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. W11-62085-M(A) IN THE 194TH DISTRICT COURT
### FROM DALLAS COUNTY

**YEARY, J., filed a dissenting opinion in which KEASLER, J., joined.**

### <u>DISSENTING OPINION</u>

Applicant was convicted of the offense of possession of a firearm by a felon. He now contends that he cannot be guilty of that offense because he was on deferred adjudication community supervision, which he claims is not a felony conviction, at the time he was found to be in possession of the firearm. In his original application for post-conviction habeas corpus relief, he has argued that the evidence was legally insufficient to support his conviction. We rejected an identical claim in *Ex parte Smith*, 296 S.W.3d 78, 79 (Tex. Crim. App. 2009). While noting that a claim of legal insufficiency is not permitted to be made in a post-conviction collateral attack, we also observed "that the appellant judicially confessed to committing the offense, which was sufficient evidence to support a plea of guilty." *Id*.

Applicant's claim should be similarly rejected today.

The Court nevertheless grants Applicant habeas corpus relief, but without articulating a *legal* basis for doing so. Majority Opinion at 1–2. Applicant, whose application for writ of habeas corpus was prepared by legal counsel, claimed only that the evidence was legally insufficient to sustain his conviction. Such a claim, the Court has long maintained, is not cognizable in a post-conviction application for writ of habeas corpus. *Id*.; *Ex parte Perales*, 215 S.W.3d 418, 419 (Tex. Crim. App. 2007). And while a claim that there is *no* evidence to support a conviction *is* cognizable in a post-conviction application for writ of habeas corpus, *Perales*, 215 S.W.3d at 418–19, Applicant has not made such a claim here. Moreover, even if it would be acceptable to *sua sponte* convert Applicant's asserted legal basis from a legally-insufficient-evidence claim to a no-evidence claim in order to grant him relief, in my view, it does not work.

The problem is that the record, such as it is, does not support a no-evidence claim. Applicant pled guilty and judicially confessed to possessing a firearm as a felon. His judicial confession includes an explicit acknowledgment that he was previously convicted of the felony offense for which the Court today finds there was no evidence. A judicial confession, so long as it embraces every element of the offense, will suffice to support a guilty plea. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Surely it must count as *some* evidence of a prior felony conviction for purposes of a prosecution for possession of a

firearm by a felon.[1] Applicant has not shown entitlement to relief on this legal theory.

In any event, we have still never definitively held that deferred adjudication community supervision does not constitute a felony conviction for purposes of the possession of a firearm by a felon statute. We declined to resolve that question in *Smith*. 296 S.W.3d at 81. And we were apparently unwilling in *Smith* to *sua sponte* convert the applicant's legal sufficiency claim into a no-evidence claim, so as to address the issue of whether a person on deferred adjudication probation has been convicted of a felony for purposes of the possession of a firearm by a felon statute. I fail to see a basis for granting Applicant relief in this case under either a legally-insufficient-evidence claim or a no-evidence claim.

Perhaps Applicant could have claimed (although he did not) that he is actually innocent of possessing a firearm as a felon. *See Ex parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002) (holding that a guilty plea does not preclude a post-conviction claim of actual innocence under *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996)). But such a claim must include an allegation of newly minted law or newly discovered or available facts. TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(1); *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). Applicant knew at the time he entered his guilty plea to possession of a

---

[1] We made no mention in *Perales* of just *what* evidence the State may have offered in satisfaction of Article 1.15 in support of the guilty plea, much less whether the applicant in that case entered a judicial confession. TEX. CODE CRIM. PROC. art. 1.15. Nothing in *Perales* refutes the proposition that a judicial confession may provide at least *some* evidence in support of a conviction for purposes of determining whether collateral relief is appropriate for a no-evidence claim. And we certainly treated the applicant's judicial confession as sufficient evidence of guilt in *Ex parte Smith*—a case we decided after *Perales*. 296 S.W.3d at 79.

firearm by a felon that he was still on deferred adjudication probation at the time he possessed the firearm. His claim is predicated on a legal argument that has not yet been ratified by this Court, and he presents no new facts. Moreover, for all this record reveals, Applicant may have other prior felony convictions—that might even have been part of his motivation to plead guilty in this case. From a factual standpoint, therefore, we cannot even say definitively that he is actually innocent, even if the facts would not have to be new.

Perhaps Applicant could have claimed (although he did not) that his trial counsel was constitutionally ineffective for allowing him to judicially confess, and plead guilty, to a crime he did not commit. But such a claim would also have to be predicated on newly minted law in order to sustain Applicant's no-evidence claim—that a case in which deferred adjudication has been granted, and that has never proceeded to adjudication, cannot support a possession of a firearm by a felon conviction. At the time of Applicant's plea, that issue was still unsettled. And "we have repeatedly declined to find counsel ineffective for failing to take a specific action on an unsettled issue." *State v. Bennett*, 415 S.W.3d 867, 869 (Tex. Crim. App. 2013). That is exactly the reason we declined to grant relief in *Ex parte Smith* based upon a claim of ineffective assistance of counsel. 296 S.W.3d at 81.

Applicant did make another claim besides his claim of legally insufficient evidence. While his writ application was pending, he filed a supplement in which he argued, in addition to legal insufficiency, that his plea was involuntary. It was, in fact, on this view of the case that the convicting court ultimately recommended that relief be granted, as a function of *Ex*

*parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). But such a claim is not legally viable either.

*Mable* involved a mutual misunderstanding of the facts of the case with respect to a "crucial" aspect of the State's evidence—whether the substance the applicant was convicted of having possessed even constituted an illicit drug. *Id*. at 130. There is no such factual misunderstanding in this case. There was (as in *Smith*) only unsettled law. In the absence of a more explicit claim of involuntariness due to ineffective counsel—that counsel failed to advise him about the unsettled nature of the law, and that, but for that failure, Applicant would have insisted on going to trial—we have no cause to presume his guilty plea was involuntary or unknowing.[2] Applicant's lawyer may have miscalculated how this Court will ultimately resolve the still-unsettled issue of whether deferred adjudication probation will count as a prior felony for purposes of a subsequent prosecution for possession of a firearm by a felon. A lawyer's miscalculation of how an unsettled issue of law may ultimately be resolved does not, absent constitutional deficiency, suffice to render a guilty plea involuntary or unintelligent. *See Brady v. United States*, 397 U.S. 742, 757 (1970) (holding that legal

---

[2] In his supplement to his habeas corpus application, "Applicant claims that he was not made aware of a possible defense to his plea . . . and that his plea was not voluntary." In an inmate declaration attached to the supplement, he asserts that, "[a]t the time I entered my plea of guilty to possession of a firearm by a felon, I was not aware that I did not have a felony conviction and would not have entered my plea of guilty had I known or had been properly advised of the law." He does not explicitly claim that his lawyer failed to advise him of the unsettled nature of the law, although that may be implicit in his indirect assertion that he was not "properly advised of the law." Even if his claim were more explicit, we would not ordinarily grant summary relief on the basis of such an assertion, but would, at most, remand the cause for a response from trial counsel.

advice that proved incorrect in light of subsequent case law did not serve to render a guilty plea involuntary); *Ex parte Palmberg*, 491 S.W.3d 804, 808 (Tex. Crim. App. 2016) (observing same).

Applicant is not entitled (or, at least, not *yet* entitled) to relief on this record, either under the particular theories of law he has pled—or any other legal theory that is presently supported by the record. I respectfully dissent.


FILED:          November 7, 2018
DO NOT PUBLISH