

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-93,824-01

### EX PARTE SHANEA LYNN REEDER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. 5427A IN THE 31ST JUDICIAL DISTRICT COURT WHEELER COUNTY

HERVEY, J., delivered the opinion of the Court in which RICHARDSON, NEWELL, WALKER, SLAUGHTER, AND MCCLURE JJ., joined. KELLER, P.J., filed a concurring opinion. YEARY, J., filed a dissenting opinion. KEEL, J., concurred.

## O P I N I O N

Shanea Lynn Reeder, Applicant, was convicted for the offense of Unlawful Possession of Firearm pursuant to a plea bargain and was sentenced to 5 years' imprisonment.[1] Applicant, in a *pro se* capacity, contends his conviction is improper because he had not been convicted of a felony at the time of his arrest but was serving deferred-adjudication community supervision. We filed and set this application to decide

---

[1] *See* TEX. PENAL CODE § 46.04.

whether serving deferred-adjudication community supervision constitutes being convicted of a felony for the purpose of Unlawful Possession of Firearm. Because we conclude that it is not, we agree that Applicant was not convicted of a felony at the time of his arrest for Unlawful Possession of Firearm. We also hold Applicant's plea was involuntary due to a fundamental misunderstanding by all parties of the law in relation to the facts at the time the plea was made. Applicant shall be allowed to withdraw his plea and the judgment of conviction for that offense should be set aside.

## I.    BACKGROUND

In April of 2017, applicant was placed on deferred-adjudication community supervision for a period of six years for the felony offense of distributing a controlled substance.[2] In February of 2021, while still serving deferred-adjudication community supervision, Applicant was arrested for Unlawful Possession of Firearm.[3] One month later, the State filed a Motion to Proceed with Adjudication of Guilt for the Applicant's original, controlled-substance offense.

Two hearings were scheduled on the same day in August of 2021. The first hearing was held relating to the trial court's consideration of a plea bargain agreement for the

---

[2] *See* TEX. HEALTH AND SAFETY CODE § 481.112(d).

[3] The Wheeler County Sheriff's Office Incident Report stated that investigators responded to a call for a grey sports-utility-vehicle parked in the road. Investigators asked for consent to search the vehicle. Applicant gave consent. Investigators located a handgun in the center console. Due to the investigators' knowledge that Applicant was arrested for the felony charge of distributing a controlled substance and was now on probation (as the report states it), Applicant was arrested for Unlawful Possession of a Firearm.

offense of Unlawful Possession of Firearm. The second hearing related to the State's Motion to Proceed with Adjudication of Guilt for the offense of distributing a controlled substance.

During the first hearing, Applicant pled guilty to the offense. The trial court found Applicant guilty and sentenced him to a term of 5 years' imprisonment pursuant to a plea bargain. During the second hearing, the State alleged Applicant violated conditions 2, 11, 12, 13, and 20 of the order of deferred-adjudication community supervision.[4] Applicant pled true to the violations. The trial court found Applicant violated the said conditions and entered a judgment of guilt against defendant for the controlled-substance offense.[5] Applicant was sentenced to a term of 5 years' imprisonment pursuant to a plea bargain agreement on the drug offense. The sentences for both offenses were to be served concurrently.

---

[4] The violated conditions of Applicant's deferred-adjudication community supervision included:

> 2. Defendant shall commit no offense against the laws of this or any State . . .
> 11. Defendant shall pay their fine . . .
> 12. Defendant shall pay a $60.00 per month community supervision fee . . .
> 13. Defendant shall perform 320 hours of Community Service Restitution . . .
> 20. Defendant shall not buy, sell[,] or possess a firearm during the term of community supervision. . .

[5] It should be noted that 181 days passed between Applicant's arrest for Unlawful Possession of Firearm and the judgment adjudicating his guilt for the predicate offense of distributing a controlled substance.

In January of 2023, Applicant filed his initial post-conviction application for a writ of habeas corpus arguing that his conviction was improper because he was not a convicted felon at the time he was arrested for Unlawful Possession of Firearm. We filed and set the application for submission and remanded the case to determine whether Applicant had another felony conviction that would have supported his guilty plea. He did not.

## II. ANALYSIS OF THE STATUTE

We must first address the threshold question of whether serving deferred-adjudication community supervision for a felony offense constitutes having been convicted of a felony pursuant to Texas Penal Code § 46.04. We hold that it does not.

### A. Law of Statutory Interpretation

Statutory construction is a question of law that we review *de novo*. *Delarosa v. State*, 677 S.W.3d 668, 674 (Tex. Crim. App. 2023) (citing *Liverman v. State*, 470 S.W. 3d 831, 836 (Tex. Crim. App. 2015)). This Court has adopted a text-first approach when interpreting statutes. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). It is presumed that the legislature intended a purpose for each word. *Sims v. State*, 569 S.W.3d 634, 640 (Tex. Crim. App. 2019). It is also presumed that an enacted statute intends (1) compliance with state and federal constitutions, (2) that the entire statute is effective, (3) a just and reasonable result, (4) a result feasible of execution, and (5) that public interest is favored over private interest. TEX. GOV'T CODE § 311.021; *Dunham v. State*, 666 S.W.3d 477, 484 (Tex. Crim. App. 2023).

We must give effect to the plain meaning of the statute's language if possible. *Delarosa*, 677 S.W.3d at 674 (citing *Liverman*, 470 S.W. 3d at 836). The plain meaning

is determined by reading the statute in context, reasonably giving effect to each word, phrase, clause, and sentence, and constructing them according to applicable rules of grammar and common usage, to include technical definitions. *Id.* at 674 (citing *Lopez v. State*, 600 S.W.3d 43, 45 (Tex. Crim. App. 2020)). "When determining the fair, objective meaning of an undefined statutory term, our Court may consult standard dictionaries." *Dunham*, 666 S.W.3d at 484 (citing *Boykin*, 818 S.W.2d at 785-86). It is only when the text is ambiguous, or if the plain meaning of the words leads to absurd results, that extratextual factors are considered. *Boykin*, 818 S.W.2d at 785-86. In construing an ambiguous statute, a court may consider, among other matters, the (1) object sought to be attained, (2) circumstances under which the statute was enacted, (3) legislative history, (4) common law or former statutory provisions, including laws on the same or similar subjects, (5) consequences of a particular construction, (6) administrative construction of the statute, and (6) title (caption), preamble, and emergency provision. TEX. GOV'T CODE § 311.023; *Watkins v. State*, 619 S.W.3d 265, 273 (Tex. Crim. App. 2021). Another matter that may be considered, which has been endorsed by this Court in another case interpreting the same statute, is the Rule of Lenity. *Cuellar v. State*, 70 S.W.3d 815, 819 n. 6 (Tex. Crim. App. 2002) ("The [R]ule of [L]enity is, in essence, another extratextual factor for a court to consider if, and only if, a statute is ambiguous.").

### B. Texas Penal Code § 46.04 & Relevant Definitions

The statute reads, in relevant part:

(a)    A person who has been *convicted of a felony* commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later. . . .

TEX. PENAL CODE § 46.04 (emphasis added).  The definition of community supervision is found in the Texas Code of Criminal Procedure art. 42A.001.  The definition reads:

(1) "Community supervision" means the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which:

   (A) *criminal proceedings are deferred without an adjudication of guilt*; or

   (B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part.

TEX. CODE CRIM. PROC. art. 42A.001 (emphasis added).  The definition of deferred-adjudication community supervision can be found in the Texas Code of Criminal Procedure, art. 42A.101.  The definition reads:

(a) . . . if in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings *without entering an adjudication of guilt* and place the defendant on deferred adjudication community supervision.

*Id.* (emphasis added).

**C. Interpreting Texas Penal Code § 46.04 – Unlawful Possession of Firearm**

This Court has confronted the issue of an applicant having been arrested for Unlawful Possession of Firearm while serving deferred-adjudication community supervision without settling the question as to the scope of the statute relative to whether

it constituted a conviction. In *Ex parte Smith*, this Court explained the answer was not clear but declined to resolve it because it was unnecessary in deciding the case. *Ex parte Smith*, 296 S.W.3d 78, 80-81 (Tex. Crim. App. 2009) (having only addressed the ineffective assistance of counsel claim and finding no ineffective assistance). Our limited analysis compared Unlawful Possession of Firearm to another statute – the handgun licensing scheme. The licensing statutes *expressly* defined conviction to include an order of deferred-adjudication community supervision. TEX. GOV'T CODE §§ 411.171, 411.1711. *Smith*, 296 S.W.3d at 80-81.

The Unlawful Possession of Firearm statute is not ambiguous.[6] The statute's text demonstrates an attendant-circumstance element of having been convicted of a felony. "Conviction" is not defined in the Texas Penal Code or the Texas Code of Criminal Procedure. We must look to the plain and ordinary meaning of the word, precedent, and the most suitable canons of statutory construction to advise us. For the plain and ordinary meaning of conviction, we turn to dictionaries.

---

[6] Even if we were to assume the Unlawful Possession of Firearm statute is ambiguous, this Court would have applied the Rule of Lenity because the interpretation with the less harsh result is a reasonable one. The people must have fair notice of what is, and is not, prohibited. *See* Tex. Const. art. I, § 19; U.S. Const. amend. XIV; *Cuellar v. State*, 70 S.W. 3d 815, 821-22 (Tex. Crim. App. 2002) (Cochran J., Concurring); *Wooden v. United States*, 595 U.S. 360, 389 (2022) (Gorsuch, J. concurring).

Dictionaries support the proposition that a judgment of guilt is a prerequisite to being convicted.[7] The Unlawful Possession of Firearm statute expressly states one must be convicted of a felony. TEX. PENAL CODE § 46.04. The definition of community supervision, subsection (A), expressly states that criminal proceedings are deferred without an adjudication of guilt. TEX. CODE CRIM. PROC. art. 42A.001. The definition of deferred adjudication community supervision expressly states proceedings will be deferred without entering an adjudication of guilt. *Id.* Therefore, it is clear from the plain and ordinary meaning of conviction, and deferred-adjudication community supervision, that being placed on deferred-adjudication community supervision does not constitute a felony conviction.

Our precedent, as well, supports the concept that being placed on deferred-adjudication community supervision does not constitute a felony conviction. "[C]onviction, regardless of the context in which it is used, *always* involves an *adjudication of guilt*." *McNew v. State*, 608 S.W.2d 166, 172 (Tex. Crim. App. 1978) (op. on reh'g) (emphasis added) (holding *inter alia* probation may be granted before a conviction without

---

[7] Black's Law Dictionary defines conviction as "**1.** The act or process of judicially finding someone guilty of a crime; the state of having been proved guilty. **2.** The judgment (as by a jury verdict) that a person is guilty of a crime." *Conviction*, Black's Law Dictionary (11th ed. 2019). The New Oxford American Dictionary defines conviction as "**1** a formal declaration that someone is guilty of a criminal offense, made by the verdict of a jury or the decision of a judge in a court of law." *Conviction*, New Oxford American Dictionary (3d ed. 2010). Indeed, this concept that a conviction requires judgment of guilt is not a new concept. Webster's New International Dictionary from 1947 defines conviction as "**1.** Act of convicting; act of proving, finding, or adjudging, guilty of an offense . . ." *Conviction*, Webster's New International Dictionary (2d ed. 1947).

violating the Texas Constitution). "A defendant on deferred adjudication has not been found guilty [which] . . . is one of the signal benefits of deferred adjudication as opposed to, for instance regular community supervision [because] . . . there is no 'finding or verdict of guilt.'" *Donovan v. State*, 68 S.W.3d 633, 636 (Tex. Crim. App. 2002) (citing *Watson*, 924 S.W.2d at 715).

The Unlawful Possession of Firearm statute's silence on deferred-adjudication community supervision is arguably one of the best reasons for determining it does not constitute a conviction. When previously presented with this issue, in *Smith*, we assessed how the firearm-licensing statutes expressly stated that deferred-adjudication community supervision was to be considered a conviction. TEX. GOV'T CODE §§ 411.171, 411.1711; *Smith*, 296 S.W.3d at 80-81. Deferred-adjudication community supervision can also be found in the definition of conviction in laws related to habitual offenders. TEX. PENAL CODE § 12.42(g) (expressly stating deferred-adjudication community supervision constitutes a conviction for violations under subsection (c)(2)(b) involving commission of crime with intent to commit a felony or to abuse a victim sexually). If the Texas Penal Code expressly states deferred adjudication is a conviction in one area of the law, but is silent elsewhere in the law, this supports an interpretation that deferred-adjudication community supervision for a felony offense is not equated to having been convicted of a felony.

### III. ANALYSIS OF RELIEF

Based on our conclusion that deferred-adjudication community supervision does not constitute a conviction of a felony pursuant to Texas Penal Code § 46.04, we now address

Applicant's relief. The Applicant's case is in accordance with *Ex parte Mable* and its progeny.[8] The record here reflects that the State, the trial court, and the Applicant were laboring under a misapprehension of a crucial fact during the plea bargain. That fact was whether Applicant was convicted of a felony while in possession of a firearm at the time of his arrest. How could the Applicant have understood the facts in relation to the law if no one understood during the hearing? We find Applicant's plea bargain was an uninformed choice far short of knowing or voluntary.

### A. Law Relating to Plea Bargain

In pleading guilty, "a defendant waives his federal constitutional rights against self-incrimination, the right to a speedy and public trial by jury, and the right to confrontation." *Ex parte Barnaby*, 475 S.W.3d 316, 322 (Tex. Crim. App. 2015) (citing *Boykin v. Alabama,* 395 U.S. 238, 242-43 (1969)). A defendant's waiver of those rights must be "not only voluntary but also a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Id.* (citing *Brady v. United States*, 397 U.S. 742, 748 (1970); *Dansby v. State*, 448 S.W.3d 441, 451 (Tex. Crim. App. 2014)). "[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in

---

[8] *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014); *see, e.g., Ex parte Hicks*, 640 S.W.3d 232 (Tex. Crim. App. 2022) (holding that a plea bargain was involuntary when all parties at plea bargain believed a $100 bill attempted to be used by applicant was counterfeit when, in fact, it was a genuine bill); *Ex parte Saucedo*, 576 S.W.3d 712 (Tex. Crim. App. 2019) (per curiam, not designated for publication) (holding that a plea bargain was involuntary when subsequent events showed the controlled substance Saucedo possessed was a different controlled substance); *but see Ex parte Broussard*, 517 S.W.3d 814 (Tex. Crim. App. 2017) (holding the plea was voluntary when Broussard pled guilty to delivery of cocaine, when in fact, substance was later tested to be methamphetamine).

violation of due process and is therefore void." *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

In *Mable,* this Court stated, "[the plea bargain] cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Ex parte Mable*, 443 S.W.3d 129, 131 (Tex. Crim. App. 2014). This Court cited *McCarthy* and the Texas Code of Criminal Procedure article 26.13(b) for this proposition. Mable pled guilty to possessing a controlled substance. *Id.* at 130. All parties to the plea bargain believed Mable had been in possession of a controlled substance. *Id*. at 131. Later it was revealed the substance was not illegal. *Id*. This Court held that even though Mable could have been guilty of an attempt to possess a controlled substance, he was entitled to relief because his plea was not knowing and voluntary. *Id*. This Court's citation to *McCarthy* underscores the very consequence which due process, in general, seeks to avoid. The "[trial court's examination with defendant] of the relationship between the law and the acts the defendant admits having committed is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" *McCarthy*, 394 U.S. at 466.

**B. Applicant's Plea Bargain**

Under the *Mable* line of cases, the Applicant must show there is a misapprehension of a crucial fact which made the plea involuntary. Whether a prior conviction exists is a factual issue. *See* State Prosecuting Attorney's Amicus Statement at 2, *Ex parte White*, No. WR-84,934-07, 2022 WL 14716948 (Tex. Crim. App. Oct. 26, 2022) (per curiam, not designated for publication) (citing *Martin v. State*, 200 S.W.3d 635, 638-41 (Tex. Crim.

App. 2006)). The crucial fact under which all parties labored was that the Applicant had been convicted of a felony.

The novelty of the present case over other decisions in line with *Mable* is that the misapprehension of the crucial fact appears to hinge on unsettled law. *Smith*, 296 S.W.3d at 80 (stating it is not clear whether the Unlawful Possession of Firearm statute applies to a person who is, or has been, on deferred-adjudication community supervision). Initially, findings were made that Applicant was convicted of a felony when arrested for Unlawful Possession of Firearm. Upon remand from this Court to determine if any other felony convictions existed, second findings were made that the Applicant was not convicted of a felony when arrested for Unlawful Possession of Firearm.

Also, the attorney for the State provided a written statement in which he stated, "[a]fter examining the criminal history for Shanea Lynn Reeder . . . [he] was not a convicted felon at the time of his plea . . ." The trial court made the following specific finding of fact, "[Applicant] was not found guilty of the offense of [distribution of controlled substance] . . . until 181 days after his arrest for Unlawful Possession of Firearm by Felon."

The misunderstanding is that Applicant was convicted of a felony. The law, as the parties initially understood it, was that Applicant was not convicted of a felony. We know this because upon remand the State and trial court took the correct action and accepted responsibility by clarifying the error. The Applicant and defense counsel would rely on the representations made by the State and trial court during the plea bargain. Applicant

would not have pled guilty if he had known he was not a convicted felon under the statute. Therefore, his plea is involuntary.

## IV. CONCLUSION

We conclude that Applicant is entitled to relief. The judgment in cause number 5427A-A in the 31st District Court of Wheeler County is set aside, and Applicant is remanded to the custody of the Sheriff of Wheeler County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate. The judgment on the motion to adjudicate the underlying offense is undisturbed with Applicant serving 5 years' imprisonment for violation of Tex. Health and Safety Code § 481.112(d).

Delivered: June 26, 2024

Publish